**OHIO CASUALTY INSURANCE CO v
CLEMENTS-ORR CO, et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2936.  Decided February 10, 1939

Vorys, Sater, Seymour & Pease, Columbus, and Charles S. Druggan, Columbus, for plaintiff-appellee.

Dolle, O'Donnell & Cash, Cincinnati, and Arnold, Wright, Purpus & Harlor, Columbus, for Standard Surety & Casualty Co.

## OPINION

By BARNES, J.

The above entitled cause is now being determined de novo by reason of appeal on question of law and fact of the Standard Surety & Casualty Company from the judgment of the Court of Common Pleas of Franklin County, Ohio.

We will make a brief statement of facts in order to render understandable the nature of the controversy as now presented.

In the fall of 1931 The Clements-Orr Company, a corporation, was awarded a contract by the State of Ohio (Highway Department) for the paving of a stretch of road located in Hamilton County, Ohio. The contract would be considered a very large one.

The Ohio Casualty Insurance Company provided the statutory bond containing the usual provisions.

At the time of and prior to the awarding of the contract to the Clements-Orr Company the corporation was heavily indebted to The Ohio Casualty Insurance Company by reason of defaults in three or four previous road contracts. The Clements-Orr Company's only assets were a large volume of road building equipment and a piece of real estate in Mt. Vernon, Ohio. The Ohio Casualty Insurance Company were interested in The Clements-Orr Company securing this road contract, in order, if possible, to recoup losses on previous contract. Before agreeing to execute the requisite bond required by the State, The Ohio Casualty Insurance Company, caused to be made an independent investigation so as to ascertain if in the judgment of their expert the contract could be completed at a profit. The ultimate conclusion was that it would be a profitable contract, particularly under an understanding that the Clements-Orr Co. had arranged to sublet many parts of the contract at a price 10% less than the Clements-Orr Company bid.

Under the specifications put out by the state is was necessary to put up a $10,000.00 deposit as a guarantee that the bidder if awarded the contract would provide the necessary bond and execute the contract with the state. The Ohio Casualty Insurance Company provided the money for the cash deposit. They also provided considerable money to Clements-Orr Company for working capital.

In October, 1931, a little more than a month after Clements-Orr Company, a corporation, and The Ohio Casualty Insurance Company executed the bond in favor of the State of Ohio, certain portions of the contract were subject to L. H. Nixon, and Nixon gave bond with The Standard Surety & Casualty Company, guaranteeing the completion of the sublet portion of the contract according to specifications and saving the pricinpal free from all damages of any character. This bond was not a statutory bond but contained among others the following provision:

"And further shall indemnify and save

harmless the said obligee from all liens, charges, claims, demands, loss, costs and damages of every kind and nature whatsoever."

This is the bond under consideration in this present controversy.

L. H. Nixon, after his taking over the portion of the contract sublet to him started in the work and performed a substantial portion thereof, but berore completing, threw up the contract and withdrew from further operations on the claimed ground that Clements-Orr had failed to pay estimates when due and thereby Nixon was unable to further finance the work. It was the claim of Clements-Orr Company that Nixon had been overpaid. It was further disclosed by the evidence that the original contract between Clements-Orr and Nixon was modified in several particulars. One modification provided a margin of 8% between the contract price between Clements-Orr and the state, whereas the original contract with Nixon provided a margin of 10%. Another alteration very substantial in its character: provided that Clements-Orr would provide all material required under the Nixon contract and would repay itself out of the estimates as paid by the state. Another element of substantial moment entered into the contract between Clements-Orr and Nixon by reason of a great amount of additional work and material and labor designated as "Extras". It was the claim of Nixon that no specific price was designated any more than that he would be paid what the labor and material were reasonably worth. It was the position of Clements-Orr that the compensation for extras was to be upon the same basis as other parts of the contract.

Not being able to get the differences adjusted, Nixon on December 17, 1932, filed his petition in the Common Pleas Court of Franklin County, Ohio, against the Clements-Orr Company, a corporation, Day A. Orr, Grover F. Clements and Fred S. Morrison, doing business as Clements-Orr Company, a partnership, and the Ohio Casualty Insurance Company as defendants.

The petition set out three separately numbered causes of action. The first cause of action set out in a rather general way the state of the accounts between the Clements-Orr and Nixon, claiming a balance due Nixon of $6680.80. The second cause of action set out the obligation of the Ohio Casualty Company by virtue of its having executed the statutory bond for the Clements-Orr Company. The third cause of action set forth the existence of the part-

nership between Orr, Clements and Morrison, doing business as Clements-Orr Company, a partnership, and in detail alleged facts supporting the conclusion that such partnership was an instrumentality and agency for the sole purpose of enabling them to avoid the obligation of the debts and liabilities of the corporation and to secure said funds and assets and maintain the same beyond the reach of the creditors and to escape the payment of their liabilities and debts growing out of their operation in completing said contract with the State of Ohio. The prayer sought a judgment against all of the defendants in the sum of $6680.80 together with interest from the 28th day of August, 1932; that a receiver be appointed for the defendant, Clements-Orr Company, a corporation, that a temporary restraining order issue against the defendants, Clements-Orr Company, a corporation, and The Clements-Orr Company, a partnership, from receiving from the State of Ohio any further estimates, etc., until further order of the court.

This action was No. 136,953.

On the same day Lewis H. Nixon, in cause No. 136,954, filed a second action against the same defendants, setting forth his claim for "Extras". The prayer asked personal judgment in the sum of $8128.21.

Apparently no action was taken under the prayer for appointment of a receiver or injunction.

On December 20, 1932, the Clements-Orr Company, a corporation, filed its action in the Court of Common Pleas of Franklin County, Ohio, being cause No. 136,983, against L. H. Nixon and Standard Surety & Casualty Company, defendants, praying for judgment against the defendants in the sum of $14,803.61, together with interest at the rate of 6%, from August 28, 1932.

The first cause of action set out in general terms the provisions of the contract between Clements-Orr and Nixon, whereby a part of the general contract with the State of Ohio was sublet to Nixon. The petition contained the further statement that the defendant Nixon on October 27, 1931, entered into the performance of said contract and that on or about the 28th day of August, 1932, he defaulted without having completed it according to the provisions and terms of said contract, and that plaintiff was required to expend the sum of $6762.61 to complete the structures covered by said sub-contract to the satisfaction of the state engineers. There was the further allegation that the defendant L. H. Nixon had neglected and failed to pay his laborers who performed work on said contract as

provided in the sub-contract. Plaintiff says that there is now due it and owing by said Nixon for such labor, the exact amount of which is unknown, but which plaintiff avers to be the sum of $7500.00, which defendant will be required to pay by its contract with the State of Ohio, and which loss is due to the defaulting of the subcontract by the defendant Nixon. The petition also complains damages for loss of profits in the sum of $541.00, making a total damage to plaintiff in the sum of $14,803.61.

The second cause of action sets out the requisite allegations through which it claims liability against the defendant The Standard Surety & Casualty Company by reason of their having executed a contract bond for Nixon.

The prayer of the petition asks for judgment against the defendants in the sum of $14,803.61 together with interest at the rate of 6% from the 28th day of August, 1932.

On April 26, 1933, plaintiff, Lewis H. Nixon, in cause No. 136,953, files a second amended petition. The transcript of the docket and journal entries disclose that their first amended petition was filed January 3, 1933, but the amended petition itself is not included among the original papers. The first cause of action sets out some additional supporting detail making the same claim for personal judgment as in the original petition, to-wit, $6680.80.

The second cause of action in this second amended petition contains the requisite allegations through which the Ohio Casualty Insurance Company, as bondsmen for Clements-Orr would be liable for the same amount. The third cause of action as set out in the original petition is omitted in this second amended petition.

On the same day, to-wit, April 23, 1933, the plaintiff Lewis H. Nixon files his second amended petition in cause No. 136,954. The amendment in this second amended petition adds very little to the original petition and the amount claimed is the same as in the original petition, to-wit, $8128.21. On May 6, 1933, the Ohio Casualty Insurance Company filed its answer to plaintiff Nixon's second amended petition. The answer, after admitting certain preliminary allegations then avers the following:

"This defendant says that plaintiff has received credits and has been furnished materials by said the Clements-Orr Company in excess of the amount due plaintiff under said subcontract and that the plaintiff failed and neglected to perform his obligations under said subcontract. This

defendant denies each and every allegation of the plaintiff's second amended petition not herein specifically admitted to be true."

On April 21, 1933, the Standard Surety & Casualty Company of New York files answer to the petition of the Clements-Orr Company, a corporation, No. 136,983, wherein it avers that a receiver has been appointed by the court for the Clements-Orr Company and by reason thereof the action has abated. The prayer follows asking that the petition be dismissed.

On April 3, 1933, the Ohio Casualty Insurance Company of Hamilton, Ohio, a corporation, filed its action No. 138,122 against 44 defendants, including all parties plaintiff and defendants in the previously referred to cases and other subcontractors, material men and laborers who had presented or filed claims, either with the Highway Director of the State of Ohio, The Ohio Casualty Insurance Company or the Clements-Orr Company. This is an equitable action wherein is identified all of the defendants and their relations and claims under the highway project and in order to avoid multiplicity of suits and preserve the fund for distribution to the parties entitled thereto prayer was made for restraining order against O. W. Merrell as Director of Highways from paying the funds now in his hands; asking for the appointment of a receiver for the defendant, Clements-Orr Company, a corporation, and for said Clements-Orr Company, a partnership, to take charge of the books, records, accounts and assets of said partnership and said corporation and to determine the state of accounts between them and to proceed to take such action as is necessary against said subcontractors and their respective sureties; ordered to require said L. H. Nixon, the Clements-Orr Company, a partnership, Ross Construction Company and their respective sureties, The Standard Surety & Casualty Company, The United States Fidelity & Guaranty Company, The Globe Indemnity Company, to pay the claims for which they are liable, which are now being presented to the plaintiff; that the respective rights and duties and equities of the parties hereto be determined and adjudicated by this court and that the liens and securities of the parties hereto be marshalled by the court so as to discharge the debts or liabilities for which the plaintiff is bound and for the protection of the parties hereto and for such other relief in law or equity as is proper in the premises.

On April 5, 1933, John G. Keller, was appointed receiver and John M. Vorys and John H. Summers were appointed counsel for the receiver. The duties prescribed as contained in the entry are as follows:

"It is therefore ordered, adjudged that John G. Keller be and he hereby is appointed receiver of all the property and assets, real, personal and mixed, of whatever kind or description and wherever situated, owned or in the possession of the defendant, Clements-Orr Company, and all books of accounts, records and other books, papers, cash in bank and all other moneys, debts, things in action, bills receivable of said company and said receiver is hereby authorized immediately to take possession of all such property and to preserve the same subject to the further order of this court; and said receiver is further ordered to examine the books and accounts of the defendant, Clements-Orr Company, to make forthwith a report of the accounts receivable and accounts payable of said defendant, the Clements-Orr Company, together with any liens, securities or setoffs in said accounts * * * it appearing to the court that said receiver will require the advice of counsel to perform the duties, John M. Vorys and John H. Summers are hereby appointed counsel for said receiver to act as his attorneys in connection with his duties as receiver in this action."

Following the appointment of John G. Keller, receiver, on April 5, 1933, and the answer of the defendant The Standard Surety & Casualty Company above referred to as being filed April 21, 1933, in which answer it was claimed that by reason of the appointment of a receiver for the Clements-Orr Company that the action had abated and prayed for dismissal, all further actions in court for and on behalf of the Clements-Orr Company were taken by John G. Keller, receiver. The transcript of docket and journal entries in cause No. 136,953 disclose that John G. Keller, receiver, filed an answer in said cause on May 6, 1933. However, the answer itself is not found among the original papers. On the same day, to-wit, May 6, 1933, the receiver also filed an answer in cause No. 134,954, Lewis H. Nixon, plaintiff v. The Clements-Orr Company, et al, defendants. This answer is substantially the same in form as that filed by The Ohio Casualty Company heretofore referred to. On November 17, 1933, John G. Keller as receiver files an amended petition in the case of The Clements-Orr Company, plaintiff, v. L. H. Nixon and Standard Surety & Casualty Company, defendants, No. 136,983. This amended peti-

tion of the receiver on which the case was subsequently tried, sets out the claimed defalcations of Nixon, as follows:

"Said Nixon failed to complete the structures by him agreed to be completed under said subcontract and on or about August 18, 1932, abandoned all work on said subcontract before the same was completed. The catch basins, manholes and certain other items and structures erected by said Nixon were disapproved by the engineers appointed by the State of Ohio as not in accordance with the plans and specifications contained in said general contract and plaintiff was required by the terms of this general contract with the State of Ohio to rebuild, modify and complete said items and structures. The plaintiff expended for labor and material in completing the structures included in said Nixon's subcontract and so abandoned by him and in so correcting, rebuilding and modifying the items and structures so covered by said Nixon's said subcontract to the satisfaction of said engineers appointed by the State of Ohio, amounts aggregating $6276.05 in addition to the above enumerated payments. (Enumerated payments totaled $41,849.08.)

"Plaintiff further says that when the defendant Nixon abandoned his work to be performed under said contract it notified the defendant The Standard Surety & Casualty Company of New York and that thereupon on or about the 31st day of August, 1932, the defendant The Standard Surety & Casualty Company authorized the plaintiff in writing to complete the said contract and that upon the completion thereof the plaintiff furnished the defendant the Standard Surety & Casualty Company a written statement of the cost thereof. Said general contract between plaintiff and the State of Ohio was duly accepted on or about March 31, 1933, by the State of Ohio. Plaintiff says that by reason of the failure and neglect of the defendant Nixon to pay the sums required by said contract and perform his contract as agreed and to repay the moneys expended by the plaintiff in defendant's behalf it has been damaged in the sum of $7566.86, and that although plaintiff has repeatedly demanded the same of the defendants payment has been refused by said defendants."

The prayer asks for personal judgment in the sum of $7566.86 with interest at 6% from the 28th day of August, 1932.

On December 4, 1933, the defendant L. H. Nixon in case No. 136,983, filed an an-

swer to the amended petition filed by the receiver for the Clements-Orr Company. The answer admitted certain allegations of the petition, but denied all allegations of liability. As a second defense it made the claim that certain small portions of the work which were not completed by the defendant Nixon were due to plaintiff's failure to pay installments as per agreement and the further failure of Clements-Orr to furnish defendant materials as per agreement. The third defense was in the nature of a cross-petition and therein was set forth similar averments as contained in the allegation of defendant Nixon's petition in causes Nos. 136,953 and 136,954 through which defendant Nixon claimed there was due and owing to him the sum of $14,809.01. The prayer asks that the petition be dismissed and thereafter renews the prayer of his second amended petition as contained in cause No. 136,853 and the supplemental petition therein as well as his prayer in the petition in No. 136,954. On the same day, the Standard Surety & Casualty Company filed its answer, wherein was set forth substantially the same averments as contained in the answer of Nixon. Some additional defenses were set out which at this time are not necessary to state.

On December 5, 1933, the plaintiff by John G. Keller, receiver, filed a reply to the answer of the defendant, Standard Surety & Casualty Company. The reply to the second, third and fifth defenses as so numbered are general denials. The reply to the fourth defense sets out very fully plaintiff's denials and other supporting claimed facts, denying the effectiveness of the Standard's 4th defense. On the same day, December 5, 1933, John G. Keller as receiver for the Clements-Orr Company filed his reply to the answer of defendant Nixon. This reply in the main is similar to the reply to the answer of the defendant, Standard Surety & Casualty Company.

On November 24, 1933, the two cases in which Nixon was plaintiff being Nos. 136,953 and 136,954, and the case in which the Clements-Orr Company, et al, were plaintiffs, being No. 136,983, were consolidated with case No. 138,122, and that the issues made in the pleadings filed in the first three cases be tried before a jury and that the cause be advanced for immediate trial, to-wit, December 4, 1933. It was further ordered that in the trial before a jury the second amended petition of said L. H. Nixon in causes Nos. 136,953 and 136,954, and the amended petition of the Clements-Orr Company in cause No. 136983, be consid-

ered as cross-petitions in said action No. 138,122 and that in the trial of this case before a jury said L. H. Nixon be given the right of presenting his case first and the right of opening and closing argument before the jury in said trial.

It was further ordered that the trial of the issues other than those made in the pleadings hereinbefore described be continued pending the jury trial, and that the parties in the actions hereby consolidated with the above entitled action shall have the right to apply to the court for such orders, decrees or judgments as are proper upon the verdict to be returned in said trial. To this judgment entry Lewis H. Nixon excepted.

On the date assigned hearings were started in the three consolidated cases before a duly impanelled jury. After proceeding a few days a recess was taken in order to permit counsel to formulate and agree upon stipulations insofar as it was possible to make such agreements and thus shorten up the trial. Thereafter such agreed stipulations were made and read to the jury. It was then determined that the cause was too complicated for determination by the jury and thereupon it was agreed that the jury be discharged and a master appointed to further hear the evidence and make his findings.

While these three consolidated cases were being tried before the master, progress was being made in the equity action filed as No. 138,122, so that on July 5, 1934, a six-page entry was duly filed and journalized. This is the case filed by the Ohio Casualty Insurance Company in which 44 defendants were named. Under this entry findings, orders and judgments were made which constituted a final determination as to the status of the accounts of practically all of the 44 defendants. Referring to L. H. Nixon the entry contained the following:

"The court finds that the defendant L. H. Nixon in consideration, of a bond or agreement in substitution therefor has agreed to release said fund from his claim of lien. The right, title and interest of said L. H. Nixon in and to said fund and the rights and liabilities of the Standard Surety & Casualty Company are held for further consideration by this court without prejudice to said Nixon or any other parties to this proceeding."

On July 31, 1934, the cause came. on to be heard on the report of F. W. Jennings, special master commissioner to whom the cause had been referred on December 14,

1933 by agreement of the parties and by order of the court to hear and determine the issues of fact arising on the pleadings in the cases Nos. 136,953, 136,954 and 136,983, all of which were consolidated with case No. 138,122. The orders and findings of the master commissioner were confirmed as follows:

"It is therefore considered by the court that John G. Keller as receiver of Clements-Orr Company, a corporation, defendant herein, recover from the said Lewis H. Nixon and the Standard Surety & Casualty Company the sum of $571..07 together with costs including the sum of $707.50 which the court allows the master for his services. It is ordered that causes numbered 136,953, and 136,954 be dismissed."

Following the above judgment Nixon and his bondsman the Standard Surety & Casualty Company prosecuted an appeal to the Court of Appeals of this district where the cause was heard and judgment affirmed. The entry of consolidation heretofore referred to as entered and journalized November 24, 1933, contains substance pertinent to the present issues. The entry of consolidation while containing the order that the three cases Nos. 136,953, 136,954 and 136,983, be consolidated with case No. 138,122, does not provide that the three cases be tried with No. 138,122, but on the contrary does provide that the three cases so consolidated be tried before a jury, etc. Thereafter follows the significant part of the entry:

"It is further ordered that trial of the issues other than those made in the pleadings hereinbefore described be continued pending said trial by jury, and that the parties to the action herein consolidated with the above entitled action shall have the right to apply herein for such orders, decrees or judgments as are proper on the verdict to be rendered in said trial."

On October 31, 1934, the receiver filed a report disclosing that money had come into his hands as receiver in the total amount of $52,955.62, and out of said fund he had dispensed on allowed claims the sum of $51,218.59, leaving a balance in bank of $1737.03. The entry of confirmation of the receiver's report was under date of October 31, 1934. In this order of confirmation the receiver's fees were allowed in the sum of $2250.00, of which $862.50 represented the services and fees of said receiver in connection with the claims and suits

of L. H. Nixon.

On November 13, 1934, the trial court as disclosed by entry duly journalized made allowance of attorney fees for services to the receiver in the sum of $4763.00 of which it was stipulated that $3751.00 was the reasonable value of the services performed in connection with the claims and suits of L. H. Nixon. On June 27, 1936, the Ohio Casualty Insurance Company filed its amended supplemental petition in cause No. 138,122.

This is the first pleading which directly presents the issues upon which appeal was taken and is now being considered in this court. Under paragraph 3 it is alleged that since the filing of the original petition the plaintiff as surety for the Clements-Orr Company on the contract with the State of Ohio for the construction and completion of project No. 366 has become obligated to pay and has paid lawful and valid claims by reason of defaults of said Clements-Orr Company under said contract in the sum of $29,956.66 for which defendant has not been reimbursed or repaid and plaintiff has fully discharged its obligation as surety on said bond; plaintiff is thereby subrogated to the rights of said the Clements-Orr Company, its principal, and to the rights of the persons paid but will be referred to hereinafter against said defendants Standard Surety & Casualty Company arising out of the construction and completion of said project No. 366.

The supplemental petition further refers to the consolidation of the three cases described by number previously consolidated and the orders and agreements to try the three cases together and that all other issues be postponed until after the final determination of the jury issue in the consolidated actions and also refers to specific agreements with Standard Surety & Casualty Company that the issues raised under No. 138,122, should be reserved and postponed until after the final determination of the issues presented through the consolidated cases. Reference is also made to the appointment of special master commissioner and the proceedings before him resulting in a finding and judgment against Nixon and the plaintiff in the sum of $635.31 and costs which judgment and costs have been paid to John G. Keller, receiver. Under paragraph 5 there is listed the itemized statement of costs which plaintiff alleges are still unpaid. Costs in the three consolidated cases $138.54, receiver's fees for services found to have been rendered in connection with the claims and and suits of defendant L. H. Nixon, $862.50;

receiver's attorneys' fees for services found to have been rendered in connection with the claim and suits of defendant L. H. Nixon, $3751.00; total, $4752.04. Plaintiff alleges that it has paid the above itemized list of costs and files an order from the court subrogating it to the rights of said receiver and said receiver's attorneys against the defendant Standard Surety & Casualty Company. Reference is also made to another item of costs in the sum of $138.54. Under item 6 plaintiff sets forth the claim that it has been forced to pay for labor performed or material furnished at the request of L. H. Nixon on the portion of said project No. 366 under his subcontract with the Clements-Orr Company; that said payments were made by reason of the liability of plaintiff as surety of the Clements-Orr Company as principal contractor and by reason of the failure of said L. H. Nixon and his surety to pay said amounts. Then follows an itemized list of the persons to whom such payments were made together with the date and amount, totaling $4593.76. Plaintiff further alleges that each and every person to whom said payments were made has assigned and transferred to plaintiff all of claimant's rights and interests against said L. H. Nixon and the defendant the Standard Surety & Casualty Company; and further that neither Nixon nor Standard Surety & Casualty Company have made any payments on any of said claims or have any defense or right of set-off to any of said claims; that plaintiff has made demand upon said Standard Surety & Casualty Company for said amount, but the said Standard Surety & Casualty Company has refused to pay any part thereof.

Under paragraph 7 plaintiff alleges that John G. Keller receiver of the Clements-Orr Company by order of the court paid the following amounts to the following persons for labor performed for said L. H. Nixon on his said subcontract for a portion of said project No. 366, said payments being made from amounts held by the State of Ohio, Department of Highways as the balance due said Clements-Orr Company on said contract for said project No. 366: Larry O'Conner, Labor, $843.13; William O'Conner, labor, $406.68; total, $1249.81. Thereafter the plaintiff follows with allegations of payments and right of subrogation.

Paragraph 8 of this supplemental petition lists an amount totaling $639.45 which is set out as expenses for travel, attendance at trial and other expenses incurred by representatives and officers of the plaintiff occasioned through the litigation with Nixon and the Standard Surety & Casual-

ty Company. The prayer asks for judgment against the defendant, Standard Surety & Casualty Company in the sum of $11096.52, with interest on the same from date of payment. On November 15, 1937, the Standard Surety & Casualty Company filed its answer to plaintiff's supplemental petition. The first three pages of the answer are admissions of many allegations of the petition relative to the contractural relations between Clements-Orr and L. H. Nixon and the subsequent litigation relative thereto. Following the admissions is a general denial. The second defense complains that the Clements-Orr Company charged excessive prices for material furnished L. H. Nixon and through manipulations retained estimates received from the state and so hampered the subcontractor Nixon in his finances, and he was unable to continue the project. The third defense sets out very fully the history of the litigation between the parties and raises the issue of res judicata. The 4th defense is really a resume of the substances of the defenses set out in the 1st and 3rd defenses of the answer.

Plaintiff's reply was filed November 15, 1937. We do not find it necessary to set forth in any detail the allegations of the reply. It contains admissions and denials but leaves the issues very much the same as in the prior pleadings.

Upon hearing before the trial court finding was returned for the plaintiff and judgment entered against the defendant, Standard Surety & Casualty Company for the full amount claimed, to-wit, the sum of $13721.37 together with costs. This is the final judgment from which the defendant, Standard Surety & Casualty Company duly gave notice of appeal on questions of law and fact.

Defendant-appellant complains that the issues joined under the supplemental petition, answer and reply merely raised a law question and was properly tried to a jury.

The record discloses that the defendant at all times demanded a jury. It was the holding of the trial court that the action was one in equity and therefore denied the application for a jury trial.

It is our conclusion that original action No. 138,122 was equitable in its character, but prior to the filing of the supplemental petition and as disclosed therein the equitable questions had been determined and nothing remained for determination by the chancellor.

The issue raised between the Ohio Casualty and the Standard was purely one at law wherein plaintiff sought money judgment for money due. This is not at all an unusual situation. The character of the action is determined by the existing issues at the time of the trial. However, under the state of the record this complaint of defendant can not avail him at this time. Had it desired to preserve this question its appeal to this court should have been on questions of law and not on questions of law and fact. Appeals on questions of law correspond to old error, whereas appeals on questions of law and fact are similar to old chancery appeal. Counsel for defendant apparently was laboring under the impression that since the trial court had held the cause to be one in equity that its appeal for that reason had to be on law and fact. This would not be a correct statement of law. Appeals on questions of law may be taken whether the action in the trial court was one in law or equity. However, the reverse of this rule does not follow. In other words, litigants do not have the absolute right of chancery appeal where the cause in the trial court was one at law. It has been held by the Supreme Court that judgments on de novo hearings will not be molested simply because the action was one at law and not reviewable de novo unless the complaining party raises the question by a motion before judgment.

Drake, et al. Trustees v Tucker, 83 Oh St 97.

The Trumbull Savings & Loan Co v Saviers et al, 115 Oh St, 403.

Habeker v Houck, 16 O. Abs, 58.

On the call of the docket in this case we found confronting us an anomalous position. Defendant who had demanded a jury in the court below had taken appeal on questions of law and fact. Counsel for plaintiff who was persisting in the trial court that it was a case in chancery were presenting a motion in our court to dismiss the appeal on law and fact. We did not understand the reasons for the change of position as fully as we do now. At the time of the oral presentation of the motion inquiry was made of counsel for plaintiff as to whether or not they were making the claim that the action was one at law and received the reply that they did not but that they considered it an action in equity. Defendant having taken its appeal as a chancery proceeding and plaintiff considering the cause a chancery action, the motion to dismiss was overruled.

A reviewing court sui sponte has the right to decline to hear an equity appeal

Headnote 5. when the cause in the trial court was one at law. However, in the instant case and in the furtherance of justice we will consider and determine the cause as a chancery appeal.

A second question of moment that is raised through the pleadings is defendant's claim of res judicata. The sole and only excuse for setting out in such full detail the early pleadings and others in chronological order was by reason of this issue of res judicata. In addition to what is disclosed by the pleadings counsel for plaintiff contend that counsel of record during the progress of the trial agreed that the jury issues under the three consolidated cases would be confined to the questions of accounts between Nixon as party plaintiff and the Clements-Orr Company, a corporation, as defendant without regard as to whether or not Nixon had paid his labor claims or whether the Clements-Orr Company had paid them. The contention was made that it would not be practicable to take into consideration these labor claims when the same had not been paid. Attorneys Vorys and Druggan and also Earl Johnson, an employee of the Ohio Casualty Insurance Company testified that such an agreement was made. The trial court very clearly indicated that such was his understanding. Counsel for the Standard make the argument that the question of res judicata is solely determinable from the pleadings and final judgment regardless of any understanding that trial courts or counsel might have. Mr. Cash of Cincinnati, attorney for Standard denied that he had made any agreement through which any question was retained for future determination. It very clearly appears through the record that the labor claims paid by the Ohio Casualty & Insurance Company which should have been paid by Nixon were not referred to in the hearing before the master commissioner nor did he take any such into consideration in making his findings.

We have very little sympathy with the plaintiff in trying a lawsuit of this moment where claims were made as to agreement of counsel as to withdrawing certain issues for future trial without incorporating such action in a journal entry.

However, in the instant case we find so much corroborative evidence in the journal entries which in connection with the conceded fact that the master commissioner did not consider labor claims, that we have no hesitation in determining that we will not sustain the claim of res judicata. The evidence amply sustains the payment of plaintiff's claim for recovery on the two labor and material items, one for $4583.76 and the other for $1249.81 and as to these items the judgments will be sustained.

Referring to receiver's fees, $862.50, and attorneys' fees for receiver in the amount of $3751.00 and the expenses exclusive of salaries, attorney fees, etc., on Nixon's claim in the sum of $639.45, we have arrived at the conclusion that these items should not be allowed. The receiver's fees and attorneys' fees are sought to be justified as costs. Counsel for plaintiff present the following authorities: 34 O. Jur. 1068, 1069; Clegg v Electric R. Co. 31 O.N. P.N.S. 37. p. 42. We are unable to find any support to the citations under the facts of the instant case.

Of course receiver's fees and attorney for receiver's fees are costs and payable on allowance from the court. Generally speaking, where receiver and his counsel successfully prosecute an action and bring money into the trust, both receiver's fees and attorney's fees will be allowed and paid out of the fund so recovered. In the instant case it appears that on order of the court the Ohio Casualty Insurance Company has paid both the receiver's fees and the fees for attorney for receiver and claims right of subrogation and very properly is given such right. Also, its right of subrogation will enable it to recoup the moneys paid out for the receiver and attorney for the receiver out of the judgment recovered in the instant case if not entirely used up by reason of payment of other liabilities. In receivership cases it very frequently happens that the receiver's fees and fees for attorneys for the receiver come out of the general fund before distribution to the general creditors. However, in the instant case both Clements-Orr and Nixon being insolvent, the sureties are required to respond for the full amount due laborers and material men and hence a surety company, where the principals are insolvent, will always find themselves in danger of not only paying all labor and material men but in addition all the fees of the receiver and his attorney. Most assuredly the Ohio Casualty Insurance Company had it brought the action against the Standard Surety & Casualty Company would not be able to recover its attorney fees, and we can see no good reason where the action is brought by a representative, for a modification of the rule. Counsel for defendant on this question of costs cite the following authorities: **Pope v Pollock, 46 Oh St, 367-371; 11 O.**

Jur., 53; Brock, et al v Ruddig, et al, 119 N. W. (2nd) 491; Atlantic Trust Company v Chapman, et al, 208 U. S., 360; Richey, et al v Brent, Rec. 112 U. S., 582. The claim for receiver's fees and attorneys' fees will not be allowed.

The item under "Expenses" in the sum of $639.45 is rejected. This item falls in the same classification as receiver's fees. The total is made up in the main through the expenses of representatives of the Ohio Casualty Insurance Company in making the investigation as to the lawsuit against Nixon and attending the trial, etc., which we are unable to accept as a proper item of charge. In arriving at this conclusion we have examined the broad provisions of the bond executed by the Standard Surety & Casualty Company for Nixon. Included in the judgment authorized to be entered against the defendant may be calculated interest. The order as to the judgment paid to Keller in the sum of $635.31 will be the same as in the trial court. Costs will be adjudged against the defendant.

HORNBECK, PJ, and GEIGER, J, concur.